TOWNSHIP OF MAPLEWOOD, appellant,

*v.*

MAX MARGOLIS, respondent.

[Decided October 17th, 1927.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Backes, who filed the following opinion:

"The township of Maplewood has a zoning ordinance. The defendant is desirous of building an apartment house on his lot within a zone in which the erection of such structures is forbidden, and the authorities of the township having denied him permission he applied to the supreme court and it issued its *mandamus* that a permit be granted, it is assumed, on the authority of *State* v. *Nutley, 99 N. J. Law 389,* and *Jersey Land Co.* v. *Scott, 100 N. J. Law 45.* The bill, after stating the foregoing facts, pleads that 'the supreme court

of New Jersey in granting such writ of *mandamus* exercised its discretion only and could not and would not consider the equitable side of the matter, and your petitioner is without adequate remedy at law.' The prayer is to restrain a violation of the ordinance. Just what the equitable side of the matter is is not disclosed by the bill, nor was it pointed out on the argument, and a lone search of the chancellor's conscience has not revealed any ground for equitable interference. If the ordinance were authorized by law, and the law provided no adequate remedy and protection, equity undoubtedly would lend aid, but, as the case stands, the township has no legal right; it has no lawful ordinance in respect of the matter upon which it rests its prayer for relief.

"Counsel said on the argument that the bill was intended to carry the zoning question to the court of errors and appeals on the equity side, presumably, because favorable results have not been reached on the law side, but just how he expects to make this appeal for redress was not divulged, at least, not to our understanding, and, consequently, if his point has been missed, he must share with us the responsibility for the meagre account of our reason for denying relief in this branch of our judicial system.

"The order to show cause will be discharged and the bill will be dismissed."

*Mr. Samuel D. Williams.* for the appellant.

*Messrs. Howe & Davis,* for the respondent.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Backes.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.

*For reversal*—None.